IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-42 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| RICHARD AGYEMANG, | : | |
| Defendant. | : | |

**ORDER DENYING MOTION TO SEVER COUNTS (Doc. 44)**

This matter is before the Court on Defendant's Motion to Sever Count Eleven (Doc. 44). The Government filed a Response in Opposition (Doc. 45). Defendant did not file a reply. Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Motion to Sever (Doc. 44) is **DENIED**.

## BACKGROUND

In April 2024, Defendant was indicted by a Grand Jury and charged in an eleven-count indictment for conspiracy to commit wire fraud, money laundering, engaging in monetary transactions involving criminal proceeds, and making false statements. (Indictment, Doc. 13, Pg. ID 30-34.) The specific allegations claim that Defendant was involved in a romantic fraud scheme in which he engaged victims through online dating apps, concealing his true identity, and convinced them to give him money, often with the promise that the funds would be used to unlock more money. (*Id.* at Pg. ID 31.) The Indictment also charges Defendant with Count Eleven, False Statement or Representation

to an Agency of the United States, for falsely stating in a Small Business Administration ("SBA") Payment Protection Program ("PPP") loan application that his business, Risun, LLC, had $133,303.25 in gross income and was not involved in any illegal activity. (*Id.* at Pg. ID 34.) The Indictment alleges that the statements were false because the gross income of Risun, LLC, was not $133,303.25 and the business was engaged in illegal activity. (*Id.*) Additionally, the Criminal Complaint states that Defendant used Risun, LLC, to launder the proceeds from the romantic fraud schemes. (Criminal Complaint, Doc. 1, Pg. ID 7-8.)

## LAW

Rule 8(a), Federal Rules of Criminal Procedure, permits joinder of multiple offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 477 (6th Cir. 2006). "Similar" does not mean "identical." *United States v. Melendez*, 301 F.3d 27, 35 (1st Cir. 2002). District courts may, consistent with due process, broadly construe the Rule to "promote the goals of trial convenience and judicial efficiency." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983)). For these reasons, joinder is appropriate when the joined counts share a logical relationship and a large area of overlapping proof. *Graham*, 275 F.3d at 512 (quoting *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983)).

If the indictment satisfies Rule 8, then Rule 14 governs in questions of severance. *United States v. Lane*, 474 U.S. 438, 447 (1986). Rule 14 requires an appearance of prejudice. "If the joinder of offenses or defendants . . . appears to prejudice a defendant or the

2

government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The decision to sever falls under the Court's discretion. *Lane*, 474 U.S. at n. 12. The Sixth Circuit held that, when a defendant seeks severance, he has the heavy burden of showing "specific and compelling prejudice." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993). If a defendant establishes the existence of prejudice, the court must balance the defendant's interest in a fair trial against the public's interest in avoiding the multiplicity of litigation. *United States v. Graham*, 275 F.3d 490, 513 (6th Cir. 2001). Severance under Rule 14 is required "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). And, while an important element of a fair trial is that a jury consider only relevant competent evidence bearing on the issue of guilt or innocence, a fair trial does not include the right to exclude relevant competent evidence. *United States v. Cook*, No. 3:06-cr-0179, 2007 WL 4300109, at *1 (S.D. Ohio Dec. 6, 2007).

## ANALYSIS

Defendant argues for severance of Count Eleven, False Statement or Representation to an Agency of the United States. (Motion, Doc. 44, Pg. ID 115.) Specifically, Defendant states that Counts One through Ten involve the alleged romantic fraud scheme, while Count Eleven is wholly unrelated to that scheme. (*Id.* at Pg. ID 115-16.) The risk, according to Defendant, lies with the fact that the Government will have to present evidence of the underlying crimes of fraud for Counts One through Ten to prove

3

that Defendant knew of the fraudulent conduct. (*Id.*) Meanwhile, Count Eleven alleges a direct act of fraud. (*Id.*) The jury may then erroneously conclude that because of his fraudulent act of Count Eleven, Defendant had knowledge of the fraud underlying Counts One through Ten. (*Id.*)

Defendant also claims that additional prejudice exists if the counts are not severed, since he does not wish to testify regarding Count Eleven, but will testify on the other counts. (Motion, Doc. 44, Pg. ID 116.) Defendant indicates that if he takes the stand, "he will be unable to exercise his privilege not to testify regarding Count Eleven." (*Id.*) "No jury instruction or safeguard" can mitigate this risk. (*Id.*) In sum, Defendant argues that the prejudice arising from "introducing an unrelated fraud accusation in a case alleging a conspiracy to commit fraud" requires severance. (*Id.* at Pg. ID 117.)

And, Defendant states that Counts One through Ten and Count Eleven "are not connected by a common scheme or plan," and the evidence required to prove the first ten counts is "entirely distinct" from the evidence necessary to prove Count Eleven. (Motion, Doc. 44, Pg. ID 117.) Thus, trying them together does not serve the interests of judicial efficiency, "the predominant consideration when evaluating the propriety of joinder." (*Id.* (quoting *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (cleaned up)).)

In Response, the Government first states that Defendant has failed to articulate with specificity how he would be prejudiced by the evidence produced at trial. (Response, Doc. 45, Pg. ID 122.) Rather, Defendant only makes a "bald assertion" that he would suffer prejudice if the jury saw evidence relating to the allegations of the PPP loan fraud while also considering whether he had knowledge of the fraudulent activities in

4

the other counts. (*Id.*) The Government contends that Defendant "is not charged with so many counts" as to overwhelm the jury and render them unable to "compartmentalize and distinguish the evidence related to each of the charges in the indictment." (*Id.*, (quoting *United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007) (cleaned up)).) And, even with potential for some jury confusion, "it is small and does not outweigh society's need for speedy and efficient trials." (*Id.* (quoting *Swift*, 809 F.2d at 323 (cleaned up)).)

Furthermore, the Government finds Defendant's assertion that Count Eleven is unrelated to the other counts false, as much of the evidence of the PPP loan fraud implicates evidence of the other counts, as the Indictment "alleges that one of the false statements [Defendant] made to the [SBA] was that Risun LLC was not involved in any illegal activity." (Response, Doc. 45, Pg. ID 122.) Accordingly, "a trial on Count Eleven will necessarily involve the government proving that Risun LLC was involved in illegal activity under federal law, i.e. wire fraud and money laundering." (*Id.*) And, the fraud and money laundering investigation "centered on" the SBA's investigation of Risun, LLC, including claims that Defendant "made to other entities about the nature of the business, its income, and its activities." (*Id.* at Pg. ID 122-23.) Specifically, Plaintiff points to the use of Risun, LLC as a corporate shell to obtain money by false and fraudulent pretenses as reasoning for the joinder of Counts One through Ten and Count Eleven. (*Id.* at Pg. ID 119.) Moreover, any evidence of the PPP loan fraud would still be admissible in a trial on Counts One through Ten. (*Id.* at Pg. ID 123.) Thus, according to the Government, trying these two cases from the "same series of acts involving many of the same records" is inefficient. (*Id.*) And, as the Government points out, the Sixth Circuit has stated that

5

"no basis exists to sever counts when the same evidence is admissible in separate trials." (*Id.*, (quoting *United States v. Nolan*, 162 F. App'x 575, 578 (6th Cir. 2006) (cleaned up)).) Assuming that Defendant could point to specific prejudice he would face, the Government still argues that "such prejudice can generally be cured by the less drastic remedy of limiting instructions to the jury." (*Id.* (citing *Cody*, 498 F.3d at 587).) Indeed, courts routinely issue the jury instruction that a separate crime is charged in each count of the indictment. (*Id.*)

Additionally, as to Defendant's claim that severance is required so that he is not forced to testify as to Count Eleven, the Government contends that Defendant has failed to meet his burden showing why severance is required. (Response, Doc. 45, Pg. ID 124.) "A defendant must make a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." (*Id.* (quoting *United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004) (cleaned up)).) Defendant "must present enough information to satisfy the [C]ourt that the claim of prejudice is genuine" and enable the Court "to intelligently weigh the considerations of economy and expedition in judicial administration against" his interest in freely choosing his testimony. (*Id.* (quoting *United States v. Harris*, No. 3:08-cr-104, 2009 WL 1816958, at *4 (E.D. Tenn. June 25, 2009) (cleaned up)).) The Government contends, though, that Defendant has made an insufficient showing in this regard. (*Id.* at Pg. ID 124-25.) And, the Government points out that, while courts enthusiastically uphold a defendant's Fifth Amendment right not to testify at all, they are "less protective" of a defendant's right to testify selectively, speaking on some issues while avoiding others. (*Id.* at Pg. ID 125

6

(collecting cases).)

The Court agrees with the Government. First, the Court finds that the Indictment satisfies Rule 8(a). Although Count Eleven does not directly relate to the alleged romantic fraud scheme, the fraudulent acts charged in Counts One through Ten form the basis of the charge in Count Eleven. Put simply, Count Eleven requires the Government to prove that Defendant fraudulently stated that his business was not involved in illegal acts; Counts One through Ten constitute those alleged illegal acts. Further, the SBA's investigation revolved around the use of Risun, LLC as the instrument through which Defendant allegedly laundered the proceeds from the romantic fraud schemes. (Criminal Compl., Doc. 1, Pg. ID 7-8.) And, as the Government pointed out, evidence of the charge in Count Eleven would be admissible in a trial of Counts One through Ten, and "no basis exists to sever counts when the same evidence is admissible in separate trials." *Nolan*, 162 F. App'x at 578. Consistent with Sixth Circuit case law, joinder of these counts "is appropriate when the joined counts share a logical relationship and a large area of overlapping proof." *Graham*, 275 F.3d at 512 (quoting *Wirsing*, 719 F.2d at 863). Thus, the counts are connected for purposes of Rule 8(a) and joinder is proper.

Since the Indictment satisfies Rule 8 requirements, the Court's analysis turns to Rule 14's requirement for Defendant to show prejudice. But, Defendant has not specified what prejudice he faces beyond his general assertion that trying the counts together would confuse the jury. (*See* Motion, Doc. 44, Pg. ID 115-16.) This statement fails to satisfy the heavy burden for his Motion, where he "must show compelling, specific, and actual prejudice" to prevail. *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) (cleaned

7

up). And, assuming that this risk of jury confusion does exist, the Sixth Circuit prefers "less drastic measures" than severance, "such as limiting instructions." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (citing Fed. R. Crim. P. 14(a)). The Court finds that, here, a jury instruction emphasizing that each charge constitutes its own crime would cure any possible risk of prejudice. *United States v. Smith*, 656 F. App'x 70, 73 (6th Cir. 2016) ("the district court quelled any potential prejudice by instructing the jury to consider the charges separately.") The jury would properly be able to "compartmentalize and distinguish" between Counts One through Ten and Count Eleven. *See Cody*, 498 F.3d at 587. Further, the Court is not persuaded by Defendant's claim of prejudice due to his request for selective testimony. Defendant has not shown his "strong need to refrain from testifying" on Count Eleven. *Bowker*, 372 F.3d at 385. The Court finds that, if any prejudice does exist by trying all eleven counts together, such prejudice is easily mitigated with jury instructions and does not outweigh the interests of promoting trial convenience and judicial efficiency. Thus, severance is not warranted.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Sever Count Eleven (Doc. 44).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

8